UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNETTE WASHINGTON,

      Plaintiff,

v.                                  Case No: 6:17-cv-1839-Orl-41TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

---

## REPORT AND RECOMMENDATION

Plaintiff Annette Washington brings this action for judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration regarding her applications for a period of disability, disability insurance benefits, and supplemental security income. Following a review of the administrative record and the joint memorandum submitted by the parties, it is **respectfully recommended** that the administrative decision be **affirmed.**

### Background

Plaintiff filed her applications for benefits on March 28, 2011, alleging that she has been disabled since April 1, 2009 (Tr. 203-10). Her claims were denied initially and on reconsideration, and she requested and received a *de novo* hearing before an administrative law judge ("the ALJ") (Tr. 46-92). In a decision dated February 7, 2013, the ALJ concluded that Plaintiff was not disabled from April 1, 2009, through the date of the administrative decision (Tr. 22-42). The Appeals Council declined review (Tr. 3-5), and Plaintiff filed an action in this Court. See Annette Washington v. Comm'r of Soc. Sec., Case No. 6:15-cv-291-Orl-TBS. By Order dated May 19, 2016, the District Court reversed

and remanded the case for further development (Tr. 1130-1137) and judgment was entered accordingly (Tr. 1128).

On remand, a second administrative hearing was held on April 25, 2017 (Tr. 1019-1057). On June 28, 2017, the ALJ issued a partially favorable decision finding Plaintiff disabled as of February 26, 2016, but not before that date (Tr. 992-1018). Plaintiff did not file written exceptions with the Appeals Council but proceeded to file this action for review.[1] The parties agree that Plaintiff has exhausted all administrative remedies available to her under the law, and her case is now ripe for review under the regulations of the Social Security Act, 42 U.S.C. § 405(g). This dispute has been fully briefed and was referred to me for a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and published in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the

---

[1] In the Notice of Decision, the ALJ advised Plaintiff that she could file written exceptions to the Appeals Council, but "If you do not file written exceptions and the Appeals Council does not review my decision on its own, my decision will become final on the 61st day following the date of this notice. After my decision becomes final, you will have 60 days to file a new civil action in Federal district court." (Tr. 993).

Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

In this case the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 998). At step two, the ALJ determined that Plaintiff had the severe impairments of diabetes mellitus with peripheral neuropathy, disorders of the spine, obesity, and fibromyalgia (20 CFR 404.1520(c) and 416.920(c)) (Tr. 998). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 1001). Next, the ALJ found that *prior to February 29, 2016,* Plaintiff retained the residual functional capacity ("RFC") to:

> perform less than sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant is capable of: occasionally lifting ten pounds; frequently lifting 5 pounds; standing or walking a combination of two hours of an eight hour workday with no more than one hour of walking at one time; and sitting six hours of an eight hour workday. The claimant needs a hand held assistive device for any walking. The claimant is limited to occasionally climbing stairs/ramps, balancing, stooping, kneeling, and crouching. She cannot climb ladders/ropes/scaffolds or crawl. The claimant cannot work at unprotected heights. She is precluded from exposure to extreme heat, cold, and pulmonary irritants.

(Tr. 1002). The ALJ found that beginning on February 29, 2016, Plaintiff had a more restrictive RFC (Tr. 1008).

At step four, considering Plaintiff's RFC and the testimony of a vocational expert, the ALJ determined that prior to February 29, 2016, Plaintiff was capable of performing her past relevant work as a data clerk (Tr. 1009) and was therefore not under a disability. The ALJ found that beginning on February 26, 2016, Plaintiff's RFC prevented her from

being able to perform past relevant work and, considering her age, education, work experience[2] and RFC, the ALJ determined at step five that there are no jobs that exist in significant numbers in the national economy that she can perform (Tr. 1010). Thus, the ALJ concluded that Plaintiff was not disabled prior to February 26, 2016 when she became disabled (Tr. 1010).

### Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."

---

[2] Plaintiff was 49 years of age on the date of the ALJ's first decision (Tr. 203). She has a limited education, is able to communicate in English, and has past relevant work as a data entry clerk and companion (Tr. 1009, 51, 226). She was last insured for disability insurance purposes on September 30, 2012 (Tr. 1010).

Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

### Development of the Record

Plaintiff claims that the ALJ erred in determining her RFC for the time period prior to February 26, 2016, in that the ALJ failed to obtain all the pertinent medical evidence. She argues that "prior to the hearing," her attorney, Shea Fugate, "informed the ALJ that she had recently been hired by the claimant for representation of the remand hearing, and, thus, needed additional time to obtain the pertinent medical evidence, as the claimant had additional medical treatment since the last hearing. (Transcript 1032)." (Doc. 24 at 13). During the hearing, counsel "again attempted to make the ALJ realize that she had assumed representation of the claimant for the remand hearing merely days prior to the hearing and needed additional time to submit the evidence that was missing. (Transcript 1050-1051)." (Id.). Plaintiff argues that additional records from Plaintiff's providers were requested by counsel but had not been received at the time of the hearing and, if the record had been fully developed, these treatment records "may" have undermined the ALJ's findings (Doc. 24 at 17). Plaintiff claims prejudicial error based upon the ALJ's alleged failure to fully and fairly develop the medical record.

While an ALJ has a basic duty to fully and fairly develop the record regardless of whether the claimant is represented by a lawyer, it remains Plaintiff's burden to prove she is disabled, and she is responsible for producing evidence in support of her claim. See Cowart v. Schweiker, 662 F.2d 731, 735-36 (11th Cir. 1981); Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) (noting that an ALJ is required to develop a

claimant's medical history for 12 months prior to application); <u>Graham v. Apfel</u>, 129 F.3d 1420, 1422 (11th Cir. 1997). As Plaintiff was represented at all pertinent times by counsel, there was no heightened duty to develop the record. <u>See Vangile v. Comm'r, Soc. Sec. Admin.,</u> 695 F. App'x 510, 512 (11th Cir. 2017). And, as the ALJ noted in her decision:

> Although this case was remanded from the Appeals Council in June of 2016 (Exhibit 11-A), apart from the consultative examination (Exhibit 26-F), there has been no additional medical evidence submitted in this case after 2012. At the hearing, the claimant's representative indicated there is outstanding evidence that has not been submitted. She explained that she was appointed on this case in April of 2017 and she had only recently ordered the updated medical records. **However, on August 29, 2016, the claimant informed the Agency that Shea A Fugate is her attorney. (Exhibit 20-E). On February 8, 2017, Ms. Fugate was copied on the claimant's Notice of Hearing for her upcoming hearing on April 25, 2017. (Exhibit 32-B/6). Subsequently on March 10, 2017, Ms. Fugate was copied on the Amended Notice of Hearing. (Exhibit 34-B/3).** On March 24, 2017, Ms. Fugate was copied on upcoming changes to the Rules beginning May 1, 2017. (Exhibit 36-B). Ms. Fugate was also copied on the April 11, 2017, Notice of Hearing-Important Reminder. (Exhibit 35-B/2). **To date, no additional medical records have been submitted in this case since the hearing**.

(Tr. 995) (Emphasis added).

Although Ms. Fugate contends that she was hired just days prior to the second hearing, she had represented Plaintiff in the earlier action before this Court. <u>See Annette Washington v. Comm'r of Soc. Sec.,</u> Case No. 6:15-cv-291-Orl-TBS. To the extent Ms. Fugate appears to be making a distinction between being hired for the federal court case and being hired for administrative proceedings on remand, this assertion is at odds with the Assignment of EAJA Fee she filed in support of her application for attorney's fees in the earlier court case. That document, signed by Plaintiff, reads in pertinent part: "I assign

any right or interest that I may have in the award of an EAJA fee and understand that the EAJA award shall be paid to my attorney, Shea A. Fugate, to help compensate counsel for work performed on this case in the U.S. District Court *and, when applicable, before the Commissioner on remand.*" (Case No. 6:15-cv-291-TBS, Doc. 26-3) (emphasis added). Given this document, dated August 1, 2016, it is not surprising that on August 29, 2016, Plaintiff wrote the Commissioner advising that her attorney is Shea Fugate and "any further information goes to her." (Tr. 1312). The Commissioner complied with this specific instruction and Ms. Fugate was copied on all notices of hearing. Any miscommunication between counsel and her client regarding the scope of counsel's representation is not the fault of the Commissioner and any error in failing to develop the record under these circumstances was invited.

Even if the ALJ had failed in her duty to fully develop the record, remand is necessary only if "the record reveals evidentiary gaps which result in unfairness or clear prejudice." Mosley v. Acting Com'r of Soc. Sec. Admin., 633 F. App'x 739, 742 (11th Cir. 2015) (quoting Brown v. Shalala, 44 F.3d 931 at 935 (11th Cir. 1995). Plaintiff has not identified any such gaps here, other than to allude to what subsequent treatment records "may" show. Such speculation cannot establish prejudice where, as here, no additional medical records were submitted since the April 25th hearing (Tr. 995). No error is shown.

Credibility

 Plaintiff next contends that the formulation of her RFC was error because the ALJ failed to adequately assess Plaintiff's credibility. A claimant may establish that she has a disability through her own testimony regarding pain or other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). To do so, she must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms

the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. Id. When an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Id., see also Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1562.

The ALJ applied the pain standard and determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported prior to February 29, 2016, for the reasons explained in this decision." (Tr. 1006). Plaintiff contends that this statement is "boilerplate" and urges error for failing to articulate accurate and specific findings to support the credibility conclusion. This contention is meritless. The ALJ explained her rationale in great detail, noting:

> I find the claimant's allegations regarding the severity of her impairments and her complete inability to work prior to February 29, 2016, are not consistent with the medical record. At the outset, I note the claimant's alleged onset date in April of 2009 is not corroborated by the medical evidence. She testified she stopped working due to hospitalization for back and stomach issues; however, this is not consistent with the medical records. The claimant testified she would not be able to perform her prior job as a data entry clerk because her back will not permit her to sit longer than one hour at a time. This testimony is not consistent with the medical evidence which reflects very little treatment for her back pain during the period at issue. The overall record shows the claimant's complaints

regarding fibromyalgia as well as neck and back pain have been inconsistent. Although the claimant has a history of degenerative disc disease in her lumbar and cervical spine, nerve conduction studies did not show evidence of radiculopathy. The claimant has been treated conservatively with a brief course of pain management and no surgery has been performed or recommended. Progress notes state the claimant reported an improvement in her pain symptoms with medication and injective therapy. In addition, her gait has been consistently intact. The most recent record from Dr. Patel shows the claimant was advised to add 30 minutes of exercise to her daily routine to strengthen her neck and spinal muscles. I find the sedentary residual functional capacity adequately accommodates the claimant's impairments including obesity, and resulting pain symptoms.

As for symptoms of neuropathy, there has been no evidence of positive tuning fork tests and with the exception of Dr. Lester's examination, the claimant's sensation is largely intact prior to February 29, 2016. In addition, there are no EMG studies confirming neuropathy. Dr. Drewery indicated the claimant's numbness in her left lower extremity is related to her uncontrolled blood sugar. Although the claimant's diabetes is uncontrolled, Dr. Drewery stated this is due in large part to her diet. There has been no evidence of end organ damage or frequent hospitalizations for diabetes complications such as ketoacidosis.

The claimant offered vague testimony of her conditions worsening since the prior hearing, but this is not corroborated by the medical evidence of record. When offered the opportunity to explain how her conditions progressed and how she is limited, the claimant became upset. The claimant previously reported performing very few activities of daily living. However, the near sedentary existence which the claimant described at the hearings is shown by the overall record to be self-imposed, rather than being the result of any totally disabling impairment or combination of impairments. There is no evidence of atrophy on physical examination to corroborate the level of disuse the claimant has alleged. Furthermore, the claimant's treating sources have encouraged her to exercise, suggesting she was not as limited as alleged prior to February 29, 2016.

(Tr. 1007-1008). The ALJ's decision contains numerous specific findings regarding

Plaintiff's treatment history, acknowledged activities, and opinion evidence sufficient to

support these conclusions (Tr. 999-1008).[3]  While Plaintiff cites to other evidence which could support her claims of pain, "[t]he question is not ... whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r, of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011). On this record, support for the credibility finding is clearly articulated and supported by the substantial evidence cited. No error is shown.

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004); Miles, supra. "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. (internal quotation and citations omitted). As the Commissioner's decision was made in accordance with proper legal standards and is supported by substantial evidence, it is due to be affirmed.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED** and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[3] For example, the ALJ's summary includes references to largely unremarkable diagnostic tests and examinations (e.g., Tr. 998 - normal or benign cardiovascular examination and workup; Tr. 999- normal neurological examination; Tr. 1003-normal nerve conduction studies and EMG studies; Tr. 1003 - no evidence of fibromyalgia; Tr. 1004 - normal range of motion and strength and normal back examinations). The ALJ included findings regarding Plaintiff's reports of her social activities (Tr. 1001) and the ALJ discussed and credited the opinions of Scott Miller, M.D., a Board Certified Specialist in internal medicine and cardiology, who testified at the second hearing (Tr. 998-999, 1006). All of these findings are supported by the exhibits referenced by the ALJ.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 18, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

 Presiding United States District Judge
 Counsel of Record